

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

TELZUIT TECHNOLOGIES, LLC

Chapter 7
Case no. 6-03-bk-14902-ABB

Debtor.
_____/

## MEMORANDUM OPINION

This matter came on the Motion by Telzuit Technologies, LLC ("Telzuit") for award of damages upon the February 12, 2004 bad faith dismissal of the involuntary petition filed by Focus Strategies, Inc., MKCS, Inc. and Silent Services, Inc. ("Petitioning Creditors").[1]

### Findings of Fact

Telzuit is a corporation formed for developing a medical device that monitors a patient's heart data and transmits the data to a physician through cell phone technology. The Petitioning Creditors filed an involuntary petition against Telzuit on December 23, 2003. The Petitioning Creditors asserted that there were amounts owed to them and that Telzuit was not paying its debts when due. An Order dismissing the involuntary petition due to lack of good faith was entered on February 12, 2004.[2]

---

[1] *See* Doc. 16.
[2] The Order of Dismissal stated,

> The [C]ourt finds that the disruption caused by the termination of Rick Krampe and FSI led to some delay in payment and that the dispute with Rick Krampe led to the failure to pay the claims of the [P]etitioning [C]reditors. This does not establish that the debtor was not paying its debts when due.

The Order of Dismissal continued,

> The [P]etitioning [C]reditors are all entities connected with Rick and Mark Krampe. The actions undertaken by Rick Krampe while CEO of Telzuit contributed to the financial difficulties Telzuit now faces. Rick Krampe's

1

Debtor incurred reasonable attorney fees in the amount of $19,382, representing 72.20 hours billed, and $499.51 in costs due to the bad faith filing by the Petitioning Creditors. The Petitioning Creditor's filing of the involuntary petition in bad faith justifies the imposition of a $5000 punitive damages award for the Debtor. The dismissal of the Petitioning Creditor's petition for lack of good faith filing did not establish a basis for cancellation of their claims.

## Conclusions of Law

When an involuntary petition is dismissed, other than on consent of all the parties, a court may award attorney fees and costs.[3] Punitive damages are awarded when there is a finding of bad faith pursuant to 11 U.S.C. § 303(i).[4] The amount awarded is within the

---

> financial decisions while at the helm of Telzuit are the basis for the alleged claims now held by the petitioning creditors. An involuntary petition, based on these circumstances is inequitable and lacking in good faith.

The Order of Dismissal concluded,

> The justifications for an involuntary bankruptcy are absent. The debtor is not giving preferred treatment to certain creditors, making fraudulent transfers or dissipating its assets. According to the testimony of Rick Krampe, the goal of filing the bankruptcy petition was to "freeze things" to let all creditors share equally, however, freezing the operation at the start of business would permit the creditors to share virtually nothing. [The Petitioning Creditor's] involuntary petition was not filed in good faith and is due to be dismissed. Jurisdiction is retained for determination of award of damages.

Doc. 16.

[3] *See e.g. In re Val W. Poterek & Sons, Inc.*, 169 B.R. 896 (Bankr. N.D. Ill. 1994); *In re Wavelength, Inc.*, 61 B.R. 614 (9th Cir. BAP 1986).

[4] *See* 11 U.S.C. § 303(i) stating,

> (i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment--
> (1) against the petitioners and in favor of the debtor for--
> a. costs; or
> b. a reasonable attorney's fee; or

discretion of the court.[5] The Petitioning Creditor's involuntary petition was "not filed in good faith."[6] There are no demonstrated facts justifying the cancellation of the Petitioning Creditor's claims.[7]

Pursuant to § 303(i) and the finding of bad faith in the Order of Dismissal, Telzuit is awarded the full amount of its attorney fees and costs pursuant to an examination of the nature, extent and value of the services provided, a review of the considerations contained in § 330(a)(3) and an analysis of the factors enunciated in *Johnson v. Georgia Highway Express, Inc.*[8]

Telzuit has established that punitive damages, due to the Petitioning Creditor's bad faith filing, are warranted. It is therefore so Ordered in conformity with the Judgment entered contemporaneously.

Dated this 1st day of ~~May~~ June, 2004.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge

---

>    (2) against any petitioner that filed the petition in bad faith, for--
>        a. any damages proximately caused by such filing
>        b. punitive damages.

11 U.S.C. § 303(i).

[5] *See e.g. In re Willow Lake Partners II, L.P.*, 156 B.R. 638 (Bankr. W.D. Mo. 1993).
[6] *See* Doc. 16.
[7] *See In re Petrosciences International, Inc.*, 96 B.R. 661 (N.D. Tex. 1988)(finding "in the light most favorable to [creditor], this Involuntary Petition was filed in an attempt to use the Bankruptcy Court as a collection mechanism rather than following normal collection mechanisms available through the state court. Seen in the worst light...the Involuntary Petition was a blatant attempt to forestall the trial of the state court suit...").
[8] *Johnson v. Georgia Highway Express, Inc.*,[8] 488 F.2d 714 (5th Cir. 1974).

3